STENERSON BROTHERS LUMBER COMPANY v. HERMAN
JOOP AND ANOTHER.
CLARA JOOP AND OTHERS v. STENERSON BROTHERS
LUMBER COMPANY AND ANOTHER.[1]

March 17, 1933.

Nos. 29,151, 29,152.

*F. H. Peterson,* for appellants.
*Christian G. Dosland,* for respondents.

[1]Reported in 247 N. W. 526.

STONE, JUSTICE.

There are before us two appeals from orders denying the Joops a new trial in cases tried by the court without a jury. One suit was brought by Stenerson Brothers Lumber Company against Herman Joop and G. Joop to recover the balance of a lumber bill for the construction of a barn on premises, the legal title to which was in G. Joop but the possession of which was in his son Herman. The other suit was brought by Clara Joop, who was the wife of Herman, against the lumber company and the sheriff of Clay county to recover for the conversion of certain grain sold under the judgment against Herman Joop which had been entered in the first action upon his default. Herman W. Joop and G. Joop were made additional parties under order of the court in the second action, and both cases were tried together by the court but separate findings, conclusions and orders for judgment were made in each case.

Stenerson Brothers entered into an agreement with Herman Joop to erect a barn upon certain land the legal title to which was in Herman's father, G. Joop. Herman was and had been for years farming this land under some arrangement with his father by which he expected to get title to the land by deed. Apparently he was to pay something to his father during his lifetime. There is a dispute in the evidence as to whether he was also to pay something to his sister before the deed should be delivered to him. Apparently there was nothing in writing which set forth the arrangement between the father and the son, but Herman went into possession of the land and farmed it for many years and erected improvements thereon, including the barn in question, for which the lumber and labor were furnished by the plaintiff. He effected insurance on the buildings in behalf of his father and generally conducted the affairs of the farm as if he owned it or had full charge. It was alleged in the complaint in the first action that Herman represented his father as agent for the purchase of the material that went into the barn, and that allegation has been found true by the court and judgment ordered against the father for plaintiff's bill. We think the evidence supports the finding. The court also found that Her-

man had some interest in the premises, and Herman admitted that the arrangement with his father was such that he expected it to ripen into title in himself. It is quite obvious that such was the case. In fact he says that otherwise he would not have built the barn in question.

A few days after the first suit was commenced a midnight conference took place at the farm where G. Joop was staying with another son. The attorney for the Joops was present, and the conference resulted in a deed from G. Joop to Clara, Herman's wife, of the land which Herman had been farming. Followed a purported transfer of all his personal property to Clara and an alleged transfer to her of the farming operations. Then Herman went into bankruptcy. The deed was later placed of record, and Clara claims title under it as against the plaintiff and also that the crops levied on were in consequence hers and that they were exempt. It does not appear that she took charge of the management of the farm or that it was conducted in a different manner than before. Every inference that any reasonable mind could draw from the circumstances bears out the trial court's assertion that the Joops "carefully worked out a plan by which they propose to evade payment of a just debt." No reasonable human being could read the record in this case and come to any conclusion other than that Herman represented his father in incurring the debt to plaintiff and that his agency was coupled with some sort of arrangement which, as far as the record goes, made him the owner of the crops grown on the premises. He had operated the farm and raised crops on it for many years. Whatever the arrangement with the father, it is clear that the previous crops belonged to Herman under that arrangement. No doubt is raised that they did. No change was made in the situation by the deed to Clara that would indicate that the new deal was other than colorable. As well said by the trial court:

"Direct and positive evidence of the fraud is not requisite where the facts involved lead to the inference of a fraudulent intent."

The midnight conference following upon the bringing of the first action, resulting as it did in the conveyance to Clara of the farm, on which Herman, representing his father, had used plaintiff's lumber, is altogether too significant a circumstance, when coupled with the transfer of personal property, the alleged transfer of the farming operations, and the bankruptcy proceedings, to be justified upon any theory but that of intent to defraud plaintiff of its just debt. To again quote the trial court:

"No amount of sophistry can justify a court of equity in defeating plaintiff's claim."

The court was correct in setting aside the conveyance to Clara. The pretended transfer of the land, the personalty, and the operation of the farm were all in fraud of creditors. She did not own the crops, and her claim of exemption was properly ignored. Herman pleaded no claim of exemption.

Affirmed.